## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.M. and K.M.**

**No. 18-0537** (Cabell County 17-JA-272 and 17-JA-273)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.M., by counsel Steven M. Wright, appeals the Circuit Court of Cabell County's May 7, 2018, order terminating her parental rights to T.M. and K.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Allison K. Huson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights on the sole basis of her incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed a petition alleging that petitioner was incarcerated and her children were without a suitable caretaker. The DHHR alleged that the children were initially placed with their grandmother, however the grandmother failed a drug screen and the DHHR moved to take custody of the children. The DHHR further alleged that petitioner neglected her children by engaging in criminal behavior and that her abuse of controlled substances negatively affected her ability to care for the children. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in December of 2017 and, upon testimony and representations of counsel, found that petitioner neglected her children through her substance abuse and her failure to support the children emotionally and financially. The circuit court

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

further adjudicated petitioner as an abusing parent based on her illegal substance abuse and incarceration. The circuit court set the case for a dispositional hearing.

At the dispositional hearing in February of 2018, the circuit court heard testimony from the DHHR in support of termination of petitioner's parental rights. According to a DHHR worker, petitioner was incarcerated for third-offense shoplifting and given an indeterminate sentence of one to three years. The DHHR worker testified that petitioner was unable to participate in services to rectify her substance abuse as a result of her incarceration. On cross-examination, petitioner's counsel asked whether the DHHR would reconsider if petitioner was accepted into an accelerated parole program. The worker agreed that petitioner would have more time to comply with services if released early; however there was no indication that petitioner had been accepted to that program. To the best of that worker's knowledge, petitioner would not be eligible for parole until July of 2018. The worker further explained the children had no appropriate family members for placement or temporary guardianship. Finally, the worker testified that termination of petitioner's parental rights was appropriate based on the children's age, petitioner's criminal history and prior incarcerations, and the lack of other appropriate care givers. Petitioner did not testify.

Ultimately, the circuit court found that petitioner had a serious substance abuse issue before incarceration and was unable to participate in a case plan to rectify that issue. As a result, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was in the best interest of the children. Accordingly, the circuit court terminated petitioner's parental rights in its May 7, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The children's respective fathers' parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights on the sole basis of her incarceration. According to petitioner, the circuit court considered only the fact that she was incarcerated and violated this Court's prior holdings in doing so. Although we acknowledge that the circuit court considered petitioner's incarceration as a factor for termination of her parental rights, we disagree with petitioner that it was the only factor that the circuit court considered.

It is clear from the record that both petitioner's substance abuse and her incarceration were primary concerns of the circuit court. Although petitioner attempts to disregard the circuit court's consideration of petitioner's substance abuse as "lip service," the evidence presented showed that the circuit court found petitioner abused controlled substances and she took no steps to remedy that issue. Additionally, petitioner was convicted of her third shoplifting offense and the DHHR initially alleged that petitioner previously needed child care due to her incarceration. This indicates a pattern of criminal behavior that previously required another individual to care for the children. This is especially concerning given that the person chosen to care for the children by petitioner at the outset of this case tested positive for controlled substances. Finally, the DHHR worker testified that petitioner needed to remedy multiple issues, including her substance abuse, housing, and mental health treatment, before she could adequately take care of the children. Yet, petitioner's incarceration limited her opportunity to improve in those areas.

Petitioner also argues that West Virginia Code § 49-4-604(b)(6) did not require that the circuit court terminate her parental rights. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Additionally, West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected exist when the "abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

As mentioned above, the circuit court found that petitioner's parenting was neglectful in multiple areas. Further, the record shows that petitioner needed to participate in some intervention in order to remedy those issues. Petitioner argues that she was not given an opportunity to remedy those issues and would have access to residential substance abuse treatment while she is incarcerated. However, we note that petitioner did not move for an improvement period at any time throughout the proceedings nor did she actually pursue those services while in prison in order to remedy the issues. The record is devoid of any evidence that petitioner attended or planned to attend any services to better her parenting. Although petitioner's incarceration limited the DHHR's ability to provide services, petitioner offered no evidence that she availed herself of the services that were available to her. Therefore, the circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected.

3

Additionally, termination of petitioner's parental rights was in the best interests of the children and necessary for their wellbeing. As mentioned above, petitioner's pattern of criminal behavior previously required a second party to care for the children. Additionally, the children were placed with a substance abuser as a result of petitioner's choice of care takers before the filing of this petition. Further continuation in petitioner's custody would likely lead to the same exercise in poor judgement without some intervention through services. Finally, we have previously held that

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). In this case, K.M. and T.M. are young children who have already been subject to multiple placements as a result of petitioner's criminal activity. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 7, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

**DISSENTING:**

Justice Elizabeth D. Walker